OPINION
Defendant-appellant, Antonio L. Dumas, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of felonious assault in violation of R.C.2901.11, and one count of having a weapon while under a disability in violation of R.C. 2923.13. In addition, each count carried a firearm specification. Having waived his constitutional right to a jury trial, defendant was tried before the court. The trial court imposed prison terms of two years for felonious assault and six months for the weapons charge. These terms were to be served concurrently but consecutive to the mandatory three-year term imposed on firearm specifications.
Defendant's conviction arises out of a shooting that took place on the night of April 9, 1998. On said night, George Collins was shot in the leg while standing in front of a residence located at 1256 Atcheson Street. Collins identified the assailant as defendant.
On April 17, 1998, defendant was indicted on the two counts above. The trial began on July 13, 1999, and on July 16, 1999, defendant was found guilty of both counts. Pursuant to R.C.2929.19, a sentencing hearing was held on August 2, 1999, at the conclusion of which the court imposed the above sentence.
Defendant appeals from his judgment of conviction and sentence assigning a single error:
 APPELLANT'S FELONIOUS ASSAULT CONVICTION WAS NOT SUPPORTED BY THE EVIDENCE AS THE STATE FAILED TO PROVE THE ELEMENT OF IDENTITY BEYOND A REASONABLE DOUBT.
Although defendant's assignment of error challenges his conviction as against the sufficiency of the evidence, defendant also argues that his conviction is against the manifest weight of the evidence. Accordingly, we will address both.
Preliminarily, we set forth the similar, yet distinct, standards by which we are bound in reviewing defendant's assignment of error, which challenges both the sufficiency of the evidence, and the manifest weight of the evidence.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In Thompkins at 386-387, the court explained at length the distinctions between the two standards:
 With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45 * * * citing Jackson v. Virginia (1979), 443 U.S. 307 * * *.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. InJenks, the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
In contrast, as explained in Thompkins, supra, at 387, a manifest weight analysis is slightly different:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 * * *. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief'." (Emphasis added.) Black's, supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175 * * * ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
Pursuant to the foregoing standards, we examine the record in a light most favorable to the prosecution to determine if the prosecution sufficiently proved beyond a reasonable doubt each element of the offenses charged, and whether the jury "lost its way" in convicting appellant such that a manifest miscarriage of justice occurred.
Turning now to defendant's assignment of error, defendant contends that the prosecution failed to prove by sufficient evidence the elements of the offense of which he was convicted. Specifically, defendant contends that the prosecution failed to prove the identity of defendant beyond a reasonable doubt. As indicated infra, defendant further contends that the verdict was against the manifest weight of the evidence.
Felonious assault is proscribed by R.C. 2903.11 as follows:
No person shall knowingly:
* * *
 Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance * * * [.]
Defendant's conviction rests principally on the testimony of two witnesses: George Collins, the victim, and Woody Hackworth, an eyewitness to the shooting. Collins testified that defendant shot him. It is true, as defendant contends that Collins did not see the face of his assailant because he was wearing a "ski mask" on his face. However, Collins testified that he has known defendant for over a year. They went to the same school and saw each other frequently on the streets, in the same neighborhood. Collins indicated that he recognized defendant's voice based on his acquaintance with him. He was also familiar with defendant's style of clothing and his physical appearance. Lastly, five minutes prior to the shooting, defendant was placed at the scene by both witnesses.
Collins further testified that a week or so after the shooting, defendant approached him and offered an apology of sorts. Defendant in effect admitted to the shooting, indicating that Collins was not his intended target. Rather, he intended his target to be another individual with whom he had a personal disagreement.
Hackworth also testified that he saw defendant with a gun in his hand moments before the shooting. Hackworth also knew defendant from the streets and was familiar with his physical appearance and style of clothing. Minutes before the shooting, Hackworth saw defendant a car in the immediate vicinity. He also saw the same car leaving the vicinity moments after the shooting with defendant inside.
In State v. DeHass (1967), 10 Ohio St.2d 230, 231, the Ohio Supreme Court stated that "[i]n either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." The trial judge in this case had the opportunity to observe and believe the prosecuting witnesses and the corroborating evidence presented by the state. The Second District Court of Appeals stated that "identification testimony is an expression of belief or impressions by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later." State v. Ford (Feb. 19, 1987), Montgomery App. No. 9903, unreported. The Ford court listed several factors that the trier of fact may consider in whether to believe a given witness, such as: the distance between the witness and defendant, the lighting intensity, the duration of time while observing the offender, the offender's voice and other body characteristics. Id.
In the case at bar, the presiding judge, in his capacity as the trier of fact, found the testimony of the prosecuting witnesses believable. It is not for us to question such findings.
Given the state of this record, defendant's convictions for felonious assault and having a weapon while under a disability were supported by sufficient evidence, and the convictions were not against the manifest weight of the evidence. Defendant's assignment of error is overruled.
Having overruled defendant's single assignment of error, we affirm the judgment of the trial court.
QUILLIN, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.